(27 Misc. Rep. 683.)

ALLEN v. MARCKWALD.

(Supreme Court, Special Term, New York County. June 17, 1899.)

SHERIFF—CANCELING INDEMNITY BOND.

Though a sheriff could seize nothing under writs of attachment, the cancellation of his indemnity bond should not be granted until the time to sue him thereon has expired.

Action by one Allen against one Marckwald. Motion by plaintiff to cancel writs of attachment and sheriff's indemnity bond. Motion denied, with leave to renew after one year.

H. Van Sinderen, for the motion.
P. J. Britt, opposed.

GILDERSLEEVE, J. This is a motion to cancel two writs of attachment and one indemnity bond, and for an order discontinuing the action. The defendant has not appeared in the action, but the motion is opposed by the sheriff. Previous to the issuing of the two attachments in this case, another attachment had been issued in the case of the Corn Exchange Bank against this defendant, and all the property of the defendant seized under said attachment. Subsequent to the issuing of the two attachments in the case at bar, and the giving of the bond of indemnity, under sections 657 and 658 of the Code, to the sheriff, judgment was entered in the Corn Exchange Bank case, and all the property of the defendant taken, and applied to the payment of that judgment. The plaintiff's affidavits, which are not contradicted, state that nothing was taken by the sheriff under the two attachments in the case at bar, for the reason that all the property of the defendant had already been seized under the attachment in the Corn Exchange Bank case, and was subsequently, but after the attachments in the case at bar, sold to satisfy the judgment in that action. The plaintiff urges, therefore, that no liability can arise under the bond of indemnity. The sheriff, however, asks that the cancellation of the bond of indemnity be postponed until one year from the giving of the bond, when, under section 385 of the Code, the time to bring an action against the sheriff will have expired. It seems to me that it would be setting a dangerous

precedent, in a case of this kind, to deprive the sheriff of his bond of indemnity until the statute of limitations had rendered him safe from attack. I am therefore of opinion that this motion should be denied, without costs, and that plaintiff should have leave to renew the same after the expiration of the year.